ORIGINAL

CHRISTOPHER R. EVANS, 2463
2524 Oahu Avenue
Honolulu, Hawaii 96822
Telephone: (808) 988-5375

Attorney for Defendant

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 20 2006

at __9__ o'clock and ____ min. ____
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>EDWARD PRICE,<br>a.k.a. "Cooty",<br><br>　　　　Defendant. | )　CR. NO. 05-00365 DAE<br>)<br>)　DEFENDANT'S SENTENCING<br>)　MEMORANDUM; AND<br>)　CERTIFICATE OF SERVICE<br>)<br>)　SENTENCING DATE: April 17, 2006<br>)　TIME:　　10:00 a.m.<br>)　JUDGE:　Honorable David A. Ezra<br>)<br>) |

DEFENDANT'S SENTENCING MEMORANDUM

I.

INTRODUCTION

This sentencing memorandum specifically addresses the downward departure motion that is anticipated to be filed by government, said motion being authorized by *18 U.S.C., § 3553(e)* and by *U.S.S.G., § 5K1.1*. See, Paragraph 93 of the Proposed Presentencing Report dated March 6, 2006. For purposes of this memorandum, generalized statements of fact will be made without disclosing names, keeping in mind any ongoing cases and/or investigation.

As an additional introductory matter, defendant affirmatively states that he is aware that the downward departure ~~from of the Court~~ is from the starting point of the mandatory minimum five (5) years set forth in *21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)*. Based upon defendant review of relevant case law, the downward departure in question will be stated in the form of a percentage reduction from the 5 years and here defendant requests an 80% reduction, resulting in a sentence of 1 year incarceration or 12 months, credit for time served (arrest date of June 15, 2005).

## II.
### U.S.S.G. § 5K1.1 FACTORS

Pursuant to *U.S.S.G., § 5K1.1*, a percentage of reduction of sentence to be considered by the sentencing Court is, in chief, based upon the five factors enumerated in that section. Those five factors are as follows:

(1)   the Court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2)   the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3)   the nature and extent of the defendant's assistance;

(4)   any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5)   the timeliness of the defendant's assistance.

*Accord., U.S. v. Pizano, 403 F.3d 991(8th Cir. 2005)*.

Addressing the above enumerated factors *seriatim*, here, the Court is to rely upon representations of facts supplied to the Court by the government either through a sentencing memorandum or a letter (the case law oftentimes refers to letters submitted by the government) in determining this factor. Here, however, defendant asserts that

2

because he agreed IMMEDIATELY (within one hour of his arrest) to cooperate with the government, the defendant was able to be utilized in a controlled buy situation. In other words, there was an immediate hands-on approach made available by the defendant for the government's use.

With respect to factor no. 2 enumerated above, none of the information provided by the defendant has NOT been truthful, complete, and reliable. A direct corollary principal to this factor is that the defendant also, within one hour of his arrest, admitted his responsibility and complicity for the crimes for which he has plead guilty, together with the fact that he is addicted to "ice". In short, not only was the defendant truthful regarding his complicity in the subject offense, but he was also truthful in admitting that he was addicted.

Regarding the third factor as the nature and extent of defendant's assistance, again, it bears reiteration that the defendant's assistance was immediate. The government agents had an immediate plan of action for defendant. That plan of action involved a controlled purchase from two individuals. These two individuals, in turn, cooperated and as a result of all these factors a historic ice bust occurred in October/November 2005!

Regarding item no. 4 with respect to the danger or risk of injury to the defendant, suffice it to say that one of the individuals that the defendant assisted in making a controlled buy, brought with him a concealed firearm and for a time being, contact with that individual by the agents momentarily was compromised and there was a period of time where they didn't know where that individual was in relationship to the room that was being utilized by the government agents. Here, the defendant volunteered to place himself between the agents and the individual in an attempt to disarm the individual.

A lot of this effort stemmed from defendant's training in the military services as a marine, together with defendant's physical demeanor and willingness to place himself in danger of disarming that individual. Here, the government should be

willing to indicate that it necessitated quick thinking on behalf of all the agents involved in order to complete the transaction without any firearms being discharged. Suffice it to say that the situation could have been extremely dangerous.

Woven throughout the factors set forth above is the entire approach to the matter at hand by defendant. Here, of course, is the defendant's willingness to continue and extend any detention hearing ultimately waiving same. And his willingness to enter a plea through a memorandum of plea agreement.

Not to be overlooked, of course, is that defendant continued his cooperation with law-enforcement at a meeting where one of the special agents of the FBI brought with him two members of the Honolulu Police Department, and questioned the defendant extensively regarding individuals suspected of identity theft. Defendant was shown a number of photographs of individuals suspected of criminal activity and defendant fully and completely cooperated with those officers of the HPD.

### III.
### 18 U.S.C. § 3553(a) SENTENCING FACTORS

The suggested sentence of 80% reduction of the mandatory minimum five years incarceration is consistent with *18 U.S.C. § 3553(a)* factors. Of significance to the sentencing of defendant is that it is clear defendant had an extremely long period of time addiction to "ice", some 30 years. It is clear that defendant was a daily user of "ice". It is also clear that the government had a cooperating individual approach the defendant regarding purchase of various items and then transacting collectors firearms and transacting of "ice" with that cooperating individual. The only item not adequately covered in the proposed presentencing report was the fact that the cooperating individual indicated in paragraphs 11 thru 20, is that the defendant and the cooperating individual, together, smoked "ice" at defendant's residence.

With respect to the defendant's home located at 98-127 Kaluamoi Place, Pearl City, Hawaii, the defendant did not per se reside within the confines of that particular house. Rather, the defendant resided in the garage of that house, which garage was adjacent to and part of the structure.

Finally, as set forth in defendant's motion for release pending sentence filed November 4, 2005, defendant affirmatively states that he will reside close to his older brother, Robert Price in the Pearl City area, given the fact that his brother's residence is very close 2 or 3 houses away from defendant's residence. Likewise, as stated in that motion, defendant is motivated to enroll in a drug treatment facility, be it residential or outpatient given his long history of addiction.

In short, an 80% reduction of the five years mandatory minimum would not violate *18 U.S.C. § 3553(a)* sentencing factors.

IV.

CASE LAW SUPORTS THE SUGESTED 80% REDUCTION
OF STATUTORY MANDATORY MINIMUM

In a remarkable trilogy of cases (*U.S. v. Pizano, 403 F.3d 991 (8th Cir. 2005), U.S. v. Haack, 403 F.3d 997 (8th Cir. 2005),* and *U.S. v. Christenson, 403 F.3d 1006 (8th Cir. 2005),* the 8th Circuit Court of Appeals discussed three cases in a row regarding a large percentage reduction based upon substantial assistance to authorities. In *Pizano* the District Court granted a 75% reduction of the mandatory minimum sentence that could have been applied to defendant. In that case, the prosecutor recommended a 10% reduction. In *Haack,* the Court provided a substantial reduction of the mandatory minimum which constituted a 57% reduction of the mandatory sentence, and in that case, the government appealed and the Court on appeal reversed the sentence primarily because the Court was concerned regarding defendant's cooperation. In *Christenson,* the Court again provided a 75% reduction of sentence where the

5

government only recommended a 10% departure. Unlike the Court in the *Haack* decision, the Court in *Christensen* did not disturb the District Court's 75% reduction.

In the *Haack* decision in footnote no. 2, the appellate court specifically addressed this trilogy of cases and pointed out that all three cases, even though these cases were dissimilar based upon the charges and the facts, the government only asked for a 10% reduction in each case. In the last sentence of that footnote the Appellate court states, "A recommendation by the government that does not adequately explain its reasoning is entitled to less weight, in the Court's view, than a more fully explained recommendation."

V

FEDERAL BENEFITS

The proposed presentence report in paragraphs 90 and 91 discuss federal benefits and whether those benefits are to be denied. Here, given the defendant's cooperation and given the language set forth in *21 U.S.C. § 862(a)&(e)* defendant would request that there be no denial of federal benefits. *See, U.S. v. Busekros, 264 F.3d 1159 (10th Cir. 2001)*.

VI.

CONCLUSION

For these reasons and authorities, and given the extraordinary nature of defendant's cooperation, defendant respectfully requests this Honorable Court to depart downward from the statutory mandatory minimum of 5 years to an 80% reduction in time or sentence of one year or 12 months, no denial of federal benefits and any terms and conditions to be provided during defendant's term of supervised release of 4 years. Here,

of course, defendant would recommend that the 4 years be imposed as opposed to lifetime.

DATED: Honolulu, Hawaii, _____3-20_____, 2006.

_____
CHRISTOPHER R. EVANS, ESQ.
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the attached document has been duly delivered by means of the U.S. Mail, postage prepaid, or hand-delivered to the following-named party on _____3-20_____, 2006.

|  | By: | U.S. Mail | Hand Delivered |
|---|---|---|---|
| TO: FLORENCE NAKAKUNI, ESQ.<br>Assistant U.S. Attorney<br>Room 6100, PJKK Federal Building<br>300 Ala Moana Blvd., Box 50183<br>Honolulu, Hawaii 96850<br><br>Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |  | [ ] | [✓] |
| U.S. PROBATION OFFICE<br>ATTN: Ann Shimokawa<br>Ground Floor, PJKK Federal Building<br>300 Ala Moana Boulevard<br>Honolulu, Hawaii 96813 |  | [ ] | [✓] |

DATED: Honolulu, Hawaii, _____3-20_____, 2006.

_____
CHRISTOPHER R. EVANS, ESQ.
Attorney for Defendant